No. ——

First Circuit

---

**DAVIS v. HILL**

---

(March 22, 1928.  Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Elections by the People—Par. 41, 76, 85.**
Under Section 29 of Article VII of the Constitution of 1921, in a contest of primary election for Police Jury in which the emoluments cannot exceed $2,000, the Court of Appeal has appellate jurisdiction.

2. **Louisiana Digest—Elections by the People—Par. 36, 42.**
A primary election will not be set aside for mere irregularities and illegalities, nor for negligence and improper conduct of the election officers, unless it is shown that a sufficient number of voters were deprived of their votes to have changed the result.

3. **Louisiana Digest—Elections by the People—Par. 23, 36, 38, 42.**
In a contest of a primary election, a collateral attack on the right of certain electors to be registered cannot be entertained, because it should have been made directly against those persons.

4. **Louisiana Digest—Elections by the People—Par. 10, 23, 39, 41, 42.**
In a contest of a primary election where it is claimed that certain electors had not paid poll taxes for two preceding years, there being no evidence in the record, the case will be remanded for the purpose of obtaining such evidence.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by J. H. Davis against L. M. Hill.

There was judgment for defendant and plaintiff appealed.

Judgment overruling exception no cause of action and remanding the case for further evidence.

Ferguson & Newman, of Leesville, attorneys for plaintiff, appellant.

S. I. Foster, of Leesville, attorney for defendant, appellee.

LECHE, J. Plaintiff contests the election of defendant, who was declared the

nominee of the Democratic Party for the office of police juror, for the fifth ward of the Parish of Vernon, at the primary election held on February 28, 1928.

Plaintiff alleges that defendant was declared to have been so nominated by a majority of one vote.

The grounds upon which plaintiff contests the election are in substance, that at the Cravens poll, precinct five of ward five, the Commissioners' returns show that plaintiff received 37 votes and defendant 47 votes. That three illegal votes were cast in said box for defendant, one by Alice Thompson, another by Arthur Pelt, and the third by Barbara Bass; that said votes were illegal for the reason that Alice Thompson was under the age of 21 years, Arthur Pelt under the age of 21, and Barbara Bass, although it was sworn by the latter's mother that she was over 21 years of age, did not have poll tax receipts for the two years preceding the election, although said Barbara Bass had been 21 years of age during said two preceding years.

Plaintiff further charges that at said Cravens Poll, the election was held in an open room unprovided with booths or screens, and therefore, that the voters did not cast secret ballots, there being at some times, as many as fifteen persons in the room. That the box should be thrown out and the votes therein should not be counted, for being illegal.

Plaintiff further charges that at the Pitkin precinct, where plaintiff received 85 votes and defendant received 141 votes, the box should also have been thrown out, and the votes not computed for the reason that there were no booths in the voting place, that there was nothing to obscure the view, or to keep the returning officer who remained in the room

the biggest portion of the time, from seeing how the voters voted, and that for this reason all the votes cast were illegal and should not be counted.

Plaintiff then proceeds to ask that the ballot box used at the Cravens precinct be ordered to be produced in Court, and that the votes therein contained be counted in open court, and that the ballots thus cast be declared illegal, null and void and not tabulated as part of the returns in said election.

Plaintiff finally prays that he be declared and recognized as the successful candidate for the nomination as Democratic candidate for the office of police juror of the fifth ward of Vernon Parish.

Defendant filed an exception of no cause of action to plaintiff's petition, and from the judgment maintaining that exception, plaintiff has appealed.

In this Court, defendant filed a motion to dismiss on the ground that the petition did not disclose that the Court was vested with jurisdiction, in this, that plaintiff does not allege the amount of emoluments attached to the office in contest. Any court in this State is bound to take cognizance of the fact that the office of police juror is not one where the emoluments can exceed two thousand dollars, and it would only be on the theory that such emoluments exceed two thousand dollars that we could dismiss the appeal. If such emoluments do not exceed two thousand dollars, or if there should be no emolument at all attached to that office, we are vested with jurisdiction under Section 29 of Article VII of the Constitution.

All the grounds urged by plaintif in his petition as in substance above recited, with the exception of one ground to which we will later advert, amount to mere irreg-

ularities, which, under the primary election law, and the jurisprudence as we understand it, are not sufficient to void and annul the results of said election as proclaimed by the governing authorities. An election will not be set aside for mere irregularities and illegalities, nor for negligence and improper conduct of the election officers, unless it is shown that a sufficient number of voters were deprived of their vote to have changed the result. Womack vs. Nettles, 155 La. 359, 99 South. 290, and authorities therein cited.

Pretermitting the apparent contradictory allegations of plaintiff's petition, which are not made in the alternative, there is however one ground alleged in plaintiff's petition which deserves serious consideration, and which if true, will affect the returns of the political governing authority as appears from the allegations of the petition. It is said that defendant was returned as the nominee, in the primary election, for having received a majority of one vote. Of the three votes challenged at the Pitkin Poll, that of Barbara Bass is claimed to have been cast for defendant and to have been permitted to be cast and counted, notwithstanding the fact that Barbara Bass, although liable for poll taxes for the years 1926 and 1927, had not paid poll taxes for those years. If that be true, then the vote of Barbara Bass should be deducted from the number of votes cast for defendant and the result of such deduction would leave plaintiff and defendant with an equal number of votes, and leave neither one of them as chosen by a majority of the voters as Democratic nominee for the office of police juror.

The attack on the votes of Alice Thompson and Arthur Pelt is an attack on their right to be registered, and cannot be entertained for the reason that such collateral attack cannot be made in this proceeding, but should have been made directly and contradictorily with these persons. Perez vs. Cognevitch, 156 La. 331, 100 South. 444. The law, as we understand it, is that a registered vote may only be challenged for causes that have arisen since the registration or for causes that may be entirely disconnected with the qualifications required for registration.

Our conclusion is that defendant's exception of no cause of action should be overruled and that the cause should be remanded solely for the purpose of ascertaining how Barbara Bass voted, whether Barbara Bass was, at the time the primary election was held on February 28, 1928, liable for poll taxes for the two preceding years 1926 and 1927, and whether Barbara Bass, if liable, had paid such poll taxes, and it is accordingly so ordered.